# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                         **No. CR 18-1243 RB**

**ROBERTO TREJO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion in Limine to Exclude Use of the Term "Victim" to Refer to Jane Doe, filed on September 14, 2018 (Doc. 58), and Defendant's Motion to Sever Counts, filed on September 14, 2018 (Doc. 64).

The United States has agreed not to refer to Ms. Palacios[1] as a "victim" at trial. (*See* Doc. 72.) Thus, the Court will **grant** Defendant's motion in limine re: "victim" as unopposed.

The Court will **deny** Defendant's motion to sever, both because the motion was untimely and because the facts in the counts are overlapping and it would not be in the interest of judicial economy to sever.

Defendant has been charged with three counts under 18 U.S.C. § 922(g)—two counts of felon in possession of a firearm and one count of felon in possession of ammunition. (*See* Doc. 24.) In Count 1, the United States contends that Defendant shot his girlfriend, Ms. Teresa Palacios, and has charged him with the possession of the firearm allegedly used to injure her. (*See* Doc. 71 at 2.) The Government asserts that the charge in Count 2 stems from "Defendant's response to law enforcement investigating the shooting from Count 1. He was on state probation at the time and, knowing that he had an impending scheduled meeting with his probation officer

---

[1] Though not addressed in the pleadings, both parties agreed orally during the September 25, 2018 motion hearing in this matter to refer to Ms. Palacios by her name, rather than as Jane Doe.

1

on May 11, 2016, he sought to dispose of two firearms." (*Id.*) Defendant allegedly gave two firearms to his neighbor, Mr. Francisco Lopez. (*Id.*) "Count 3 concerns ammunition that agents discovered while investigating the shooting charged in Count 1." (*Id.* at 3.) Defendant argues that the three counts are not properly joined, and that even if the Court finds they are, severance is appropriate because joinder of the counts is prejudicial. (*See* Doc. 64.) The Court disagrees.

Federal Rule of Criminal Procedure 8 provides that offenses may be joined where they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). As the United States point out, "Defendant is charged with three counts of the exact same crime: possessing a firearm or ammunition as a convicted felon under 18 U.S.C. § 922(g)(1)." (Doc. 71 at 6–7.) "These common circumstances are enough to show the counts are 'of the same or similar character' for purposes of joinder under Rule 8(a)." *United States v. Williams*, No. 03-40140-01-SAC, 2004 WL 838066, at *4 (D. Kan. Mar. 18, 2004) (citing *United States v. Fortenberry*, 919 F.2d 923, 926 (5th Cir. 1990) ("concluding that because both charges were for weapons violations they were of the same or similar character within the meaning of the rule governing joinder of claims"), *cert. denied*, 499 U.S. 930 (1991); *United States v. Janus Indus.*, 48 F .3d 1548, 1557 (10th Cir.), *cert. denied*, 516 U.S. 824 (1995); *United States v. Bailey*, 979 F. Supp. 1319, 1325 (D. Kan. 1997)). The events in the counts also "occurred close in time during a five-day period between approximately May 6 and May 11, 2016." (Doc. 71 at 7 (citing *United States v. Thomas*, 849 F.3d 906, 912 (10th Cir. 2017)).)

Under Federal Rule of Criminal Procedure 14, the Court may sever offenses if "consolidation for trial appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14(a). "Inasmuch as severance is a matter of discretion and not of right, the defendant must

bear a heavy burden of showing real prejudice to his case." *United States v. DeLeon*, 323 F.R.D. 672, 686 (D.N.M. 2017) (quoting *United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007) (internal quotation omitted)). "The prejudice standard envisioned by rule 14 thus requires a showing of actual prejudice, and not merely a showing that a defendant 'may have a better chance of acquittal in separate trials.'" *Id.* (quoting *United States v. Pursley*, 474 F.3d 757, 766 (10th Cir. 2007)).

Here, Defendant contends that the Government will use evidence from each count to buttress and corroborate the crimes charged in the other counts, which will prejudice Defendant since "each individual Count is not strong enough to stand on its own . . . ." (Doc. 64 at 4.) The Government agrees that the jury may look at evidence from one count to make inferences about a separate count, but this does not necessarily result in prejudice. (Doc. 71 at 9.) The Court finds that severance is not necessary on this ground, and any prejudice may be cured through appropriate limiting instructions.

Finally, Defendant argues that he will be prejudiced because he may wish to testify on his behalf in one, but not all, counts. (Doc. 64 at 4–5.) Defendant cites to *United States v. Sampson*, 385 F.3d 183 (2d Cir. 2004), in support, but *Sampson* is distinguishable. There, the court noted that where a "defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other[,]" then he may make a showing of prejudice necessary to sever. *Sampson*, 385 F.3d at 191 (citations omitted). Here, however, Defendant has not come forward with any such showing of "important testimony," and he has not met his burden to establish prejudice necessary for severance.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion in Limine to Exclude Use of the Term "Victim" to Refer to Jane Doe (Doc. 58) is **GRANTED** as unopposed; and

**IT IS FURTHER ORDERED** that Defendant's Motion to Sever Counts (Doc. 64) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE