# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      Plaintiff,

**v.**                                                             **No. 18-cr-1243 RB**

**ROBERTO TREJO,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Mr. Roberto Trejo's (Defendant) three Motions in Limine: (1) to Exclude Evidence of Prior Convictions (Doc. 34), (2) to Exclude Evidence of Domestic Violence (Doc. 35), and (3) to Exclude Evidence of Alleged Aggravated Assault and Related Case (Doc. 36). The Court held a hearing on these motions on September 25, 2018. Having considered the submissions of counsel and relevant law, the Court will **grant in part and deny in part** each of Defendant's motions, as described below.

## I.    Relevant Facts

Defendant is charged in Counts 1 and 2 of the Superseding Indictment with being a felon in possession of a firearm, and in Count 3 with being a felon in possession of ammunition, all in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. 24.) Count 1 stems from a May 6, 2016, incident in which Defendant's girlfriend, Ms. Teresa Palacios, was shot through the back of the ankle at her mother's home in Las Cruces, New Mexico. (Doc. 45 at 1.) In a subsequent interview with ATF agents, Defendant stated that on the morning of the shooting he was in the kitchen and heard Ms. Palacios call him to come look at something in the bedroom. (*See* Docs. 39 at 1; 45 at 2.) He then heard something hit the floor followed by a gunshot, and when he entered the bedroom Ms.

Palacios was on the floor with a gunshot wound. (Doc. 45 at 2.) Defendant told agents that he did not know where the gun came from or what happened to it after the incident. (*Id.*; Doc. 47 at 3.)

The Government does not have the gun in evidence (Doc. 46 at 2), but believes that Defendant and Ms. Palacios argued and Defendant shot his girlfriend. (Doc. 45 at 1.) Ms. Palacios has described several different versions of the shooting to various law enforcement officers, including "that she had been moving some clothes around a dresser when a gun accidentally fell and shot her," and a conflicting account that she felt a gunshot through her ankle after turning her back to Defendant while they were fighting. (*See* Doc. 46 at 2.) Before the grand jury, Ms. Palacios testified that she suffers from post-traumatic stress disorder and does not remember anything about the shooting. (*See id.* at 3.)

Count 2 relates to an alleged incident in May 2016 in which Defendant asked his neighbor, Mr. Francisco Lopez, to hold two pistols for him "because [he] was going away for a while and did not want police to find them." (*Id.*) Mr. Lopez, who is a gun owner and familiar with guns, agreed to store the pistols. (Doc. 47 at 9.) The Government alleges that Defendant returned roughly three months later and asked Mr. Lopez for the pistols. (Doc. 46 at 3.) Mr. Lopez returned the guns, and his partner also witnessed the exchange. (*Id.*) The Government will present Mr. Lopez's testimony describing the interactions, the guns, and their caliber. (*Id.*)

## II.    Defendant's Motion in Limine to Exclude Evidence of Prior Convictions

Defendant seeks to prevent the Government from introducing his various misdemeanor and felony convictions for impeachment purposes, should he choose to testify at trial. The Government responded to Defendant's motion by moving in limine for a pre-trial order that the felony convictions are admissible as impeachment evidence under Federal Rule of Evidence 609. (*See* Doc. 45 at 1.) Defendant's prior convictions include three misdemeanors: (1) possession of

marijuana; (2) unlawful carrying of a weapon; and (3) resisting, evading, or obstructing an officer. (*See* Doc. 34 at 2.)

In 2009, Defendant pleaded guilty to two counts of aggravated battery against a household member (great bodily harm and deadly weapon)—both third degree felonies—for an incident in which Defendant's father, Mr. Trejo, was the victim. (*See* Doc. 45-1 at 1–2.) He was ultimately sentenced to serve approximately three years for the assault convictions after violating his probation agreement twice. (*Id.*; Docs. 45-2 at 1-2; 45-3.) In 2013, Defendant pleaded guilty to trafficking a controlled substance (by possession with intent to distribute)—a second degree felony—and sentenced to approximately five years after violating his probation agreement. (Docs. 45-4 at 1; 45 at 3; 45-5.)

**A. Legal Standard**

A defendant who chooses to testify as a witness may be impeached with evidence of prior felony convictions "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). Similarly, evidence of any non-felony criminal convictions must be admitted for impeachment purposes if the elements of the crime require a dishonest act or false statement. *See* Fed. R. Evid. 609(a)(2). If more than ten years have elapsed since the prior conviction or release from confinement for the prior conviction, then the evidence is only admissible for impeachment purposes if its probative value *substantially* outweighs its prejudicial effect and the adverse party is given reasonable notice to contest its admission. *See* Fed. R. Evid. 609(b).

For defendants acting as witnesses, balancing probative value with potential prejudice is particularly important because "the defendant faces a unique risk of prejudice—i.e., the danger that [the] convictions . . . will be misused by a jury as propensity evidence despite their

introduction solely for impeachment purposes." *See United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609, advisory committee's note to 1990 amendment) (internal citations omitted)). There are five factors that the Tenth Circuit considers when deciding whether a defendant witness's prior convictions should be admitted under Rule 609: "(1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial." *Id.* (internal citations omitted); *see also United States v. Sides*, 944 F.2d 1554, 1560 (10th Cir. 1991).

### B. The Court will exclude Defendant's misdemeanor convictions and felony assault convictions.

Defendant correctly states that evidence of his prior misdemeanor convictions is not admissible under Rule 609(a)(1), and the Government argues only that Defendant's felony convictions should be admitted under Rule 609. (*See* Docs. 34 at 2; 45 at 3.) As the misdemeanor convictions do not require proving elements involving dishonest acts or false statements, the Court will grant Defendant's motion to the extent it excludes his prior misdemeanor convictions. *See* Rule 609(a)(2).

An analysis of the Rule 609 factors and the posture of the case reveals that Defendant's two prior convictions for assault should also be excluded. The first factor—the impeachment value of the offenses—leans toward exclusion because aggravated battery does not require proving an element of untruthfulness or dishonesty. Yet this factor alone is not dispositive. *See, e.g.*, *Smalls*, 752 F.3d at 1240 (evidence of prior convictions for aggravated battery against a household member with a deadly weapon and criminal sexual penetration admissible for impeachment purposes); *United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999) (evidence of

4

prior conviction for attempted possession of a controlled substance admissible for impeachment purposes). "The implicit assumption of Rule 609 is that prior felony convictions have probative value. Their probative value, however, necessarily varies with their nature and number." *Smalls*, 752 F.3d at 1240 (quoting *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998)).

As to the second factor, the convictions took place less than ten years ago, and even fewer years have passed since Defendant was released from confinement for the offenses. (*See* Docs. 45 at 3; 45-1; 45-2; 45-3; 45-4; 45-5.) Though Defendant argues that the convictions should be excluded because they "occurred more than five years ago," that time frame does not trigger the higher scrutiny required for convictions older than ten years under Rule 609(b). (*See* Doc. 34 at 3.) The fourth and fifth factors—importance of Defendant's testimony and centrality of Defendant's credibility at trial—lean toward admitting the evidence, because Defendant's testimony and credibility will both be important in determining whether he was in possession of a firearm during the events underlying Counts 1 and 2. Both Defendant and the Government agree that the Defendant's testimony and credibility are critical elements of the case. (*See* Docs. 34 at 3; 45 at 6; 63 at 1–2.)

The third factor—similarity of the prior convictions to the charged crime—is the most relevant here, as greater similarity between the prior convictions and the charged crime makes it more likely that the convictions could be "misused by a jury as propensity evidence." *See Smalls*, 752 F.3d at 1240. The Government argues that Defendant's convictions are not similar to the charged crimes of firearm and ammunition possession, and even Defendant admits that "the crimes are not similar to the charged offenses." (Doc. 34 at 3). But an analysis of the overall posture of the case illustrates that evidence of Defendant's prior assault convictions is quite

similar to evidence the Government will present to prove Defendant shot Ms. Palacios. This creates a high likelihood that the jury would consider the prior offenses as propensity evidence.

The Government has made it very clear that it will seek to prove Count 1, that Defendant illegally possessed a firearm, by introducing evidence that Defendant shot Ms. Palacios on May 6, 2016. (*See* Doc. 45 at 1 ("Count 1 concerns Defendant shooting [Ms. Palacios] in the back of the ankle while they were home alone.").) At times, the Government even refers to the shooting as the charged crime. (*See, e.g.*, Doc. 46 at 7 ("with respect to the shooting charged in Count 1").) Thus, while the Government is correct that the charged crime is technically not similar to aggravated assault, evidence that Defendant was convicted of assaulting a family member with a deadly weapon is very similar to the evidence the Government will use to prove Count 1.

Because the Government will offer evidence of the shooting incident, as well as other allegations of domestic violence against Ms. Palacios, in its case-in-chief (*see* Doc. 46; *see also* Section III, *supra*), it cannot claim that Defendant's prior convictions for assaulting a family member with a deadly weapon are completely dissimilar. The two prior aggravated assault convictions are highly prejudicial because they suggest that Defendant has a propensity for violence and assaulting family members. This could lead the jury to use the convictions not only as impeachment evidence, but also as evidence that he shot Ms. Palacios on May 6, 2016. Thus, the Court grants Defendant's motion to exclude his two prior felony aggravated assault convictions pursuant to Rule 609.

**C. Defendant's felony drug trafficking conviction may be admitted as impeachment evidence.**

Defendant's prior drug trafficking conviction, on the other hand, is truly unrelated to any of the crimes charged here and may be properly admitted as impeachment evidence under Rule 609. Defendant already intends to enter into an *Old Chief* stipulation (*see* Doc. 63 at 3), so

further proving to the jury that Defendant has been convicted of a felony may be of little utility to the Government. Still, if Defendant chooses to testify, the Government may ask him about "the prior conviction, its general nature, and punishment of felony range," which are "fair game for testing the defendant's credibility" if the Rule 609 factors point toward admitting the conviction. *United States v. Commanche*, 577 F.3d 1261, 1271 (10th Cir. 2009) (quoting *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996) (internal citations omitted)); *see also Smalls*, 752 F.3d at 1240 ("The well-settled rule in this circuit is that the permissible scope of cross-examination under Rule 609 extends to the essential facts of convictions, the nature of the crimes, and the punishment" (citation omitted)).

Since Defendant's drug trafficking conviction is less than ten years old (*see* Docs. 45-4; 45-5), the conviction is not similar to the charged offenses, and Defendant's testimony and credibility as a witness are central to the case, the Court will deny Defendant's motion to exclude evidence of his prior drug trafficking conviction. The trafficking conviction is admissible for impeachment purposes so long as the Government limits its questioning to the conviction, its general nature, and its punishment range.

### III. Defendant's Motion in Limine to Exclude Evidence of Domestic Violence

Next, Defendant moves to exclude evidence of various uncharged acts of domestic violence against Ms. Palacios and several other individuals, some related to Defendant. (*See* Doc. 35 at 1.) The evidence includes allegations of Defendant's violence against two female relatives, Delilah and Irene Trejo, his father, Mr. Roberto Trejo, Sr., his girlfriend, Teresa Palacios, and his girlfriend's mother, Maria Palacios. (*Id.*) Defendant also seeks to exclude any evidence alleging he was involved in the shooting of Ms. Teresa Palacios on May 6, 2016, and a subsequent altercation with Ms. Palacios on June 13, 2017. (*See* Doc. 35 at 1.) Defendant argues

that these allegations are not relevant to his current charges and are thus inadmissible, and, even if they were relevant, they would be unduly prejudicial under Rule 403. (*See* Doc. 35 at 2.)

The Government has provided notice that it plans to offer evidence under Rule 404(b)(2) of uncharged acts of domestic abuse against Ms. Palacios "to show motive, intent, knowledge, identity, absence of mistake, [and] lack of accident" with regard to the shooting incident. (*See* Doc. 46 at 1, 7.) The Government also asserts that it will introduce evidence of Defendant's alleged domestic violence against Ms. Palacios to show motive to fabricate if she testifies at trial that she does not remember the shooting or if Defendant seeks to introduce any of her prior statements about the shooting. (*See* Doc. 46 at 8.)

**A. Legal Standard for Rule 404(b)(1)**

Under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But such evidence may be admissible if offered to prove something other than criminal propensity, including "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In the Tenth Circuit, courts apply the four-part test articulated in *Huddleston v. United States*, 485 U.S. 681 (1988), to determine the admissibility of Rule 404(b) evidence:

> (1) [the] evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted.

*United States v. Diaz*, 679 F.3d 1183, 1190 (10th Cir. 2012) (quoting *United States v. Morris*, 287 F.3d 985, 990 (10th Cir. 2002)). When Rule 404(b) evidence requires proof of some act, the court should admit the evidence if it determines there is "evidence sufficient to support a

8

finding" that the defendant committed the act. *Huddleston*, 485 U.S. at 690 (citing Fed. R. Evid. 104(b)). The trial court is afforded considerable discretion in determining the admissibility of 404(b) evidence. *See Diaz*, F.3d at 1190.

The Tenth Circuit has held that relevant evidence of other crimes or acts should be admitted "except that which tends to prove only criminal disposition," *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001). Under this "inclusive" approach, "[t]he government bears the burden of showing that the proffered evidence is relevant to an issue other than character," *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000) (citation omitted), and must "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred." *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985).

### B. The Court will conditionally admit evidence of Defendant's alleged domestic violence against Ms. Palacios under Rule 404(b).

Here, an analysis of the *Huddleston* factors suggests that evidence of Defendant's prior and subsequent[1] uncharged acts of domestic violence against Ms. Palacios should be conditionally admitted under Rule 404(b).[2] However, alleged acts of domestic violence against any other parties should be excluded. Under the first and second factors—proper purpose and relevance—evidence that Defendant has abused Ms. Palacios is relevant because it could provide a plausible motive for the shooting, show intent, or cast doubt on Defendant's theory that the shooting was an accident. The Tenth Circuit has repeatedly affirmed that evidence of prior abuse or violence against an individual may be properly introduced to show motive or lack of mistake

---

[1] Evidence of the alleged June 13, 2017 altercation between Defendant and Ms. Palacios, if sufficient, may also be admitted because the Tenth Circuit recognizes that subsequent similar acts may be admissible for Rule 404(b) purposes. *See United States v. Mares*, 441 F.3d 1152, 1157 (10th Cir. 2006).

[2] Immediately before trial, the Court will ask the Government to proffer its evidence of Defendant's alleged domestic violence against Ms. Palacios so the Court can determine that there is proof sufficient to support a finding that these incidents occurred as the Government alleges. *See* Fed. R. Evid. 104(b); *see also Huddleston*, 485 U.S. at 690. If the Government cannot prove sufficiency, evidence of the uncharged acts will not be admitted.

9

in a different allegation of violence against the same person. *See, e.g.*, *United States v. Wooten*, 377 F.3d 1134, 1143 (10th Cir. 2004) (prior incident where defendant threatened victim with a knife was admissible because it showed defendant's intent to kidnap the victim at a later time); *United States v. Naranjo*, 710 F.2d 1465, 1467 (10th Cir. 1983) (evidence of prior assaults on victim admissible in second degree murder trial as "relevant, clear, and convincing in rebutting the asserted defense of accident").

"Evidence of the systematic abuse of a particular victim tends to negate the defense of accident because it shows that the defendant had strong feelings toward a particular individual that may have contributed to the formation of intent or motive." *United States v. Hogue*, 827 F.2d 660, 664 (10th Cir. 1987); *see also United States v. Ahidley*, No. 12-cr-2657, 2013 U.S. Dist. LEXIS 202605, at *10–11 (D.N.M. Jan 17, 2013) (uncharged acts of domestic violence against the same victim admissible in an assault case to rebut mistake defense). Though here the charged crime is not assault, facts about the cause of the shooting are facts of great consequence because the Government seeks to prove Count 1 by proving Defendant committed the shooting. As a result, evidence introduced for a proper purpose to show motive or lack of mistake regarding the shooting is also properly admitted regarding the charged crime of illegally possessing a firearm.

On the other hand, evidence of alleged domestic violence against individuals other than Ms. Palacios has no bearing on the question of whether Defendant possessed a firearm. Such evidence would serve only to demonstrate Defendant's criminal propensity, which is an improper purpose under Rule 404. Thus, the Government seeks to admit evidence of domestic violence evidence against Ms. Palacios for a proper purpose, but evidence of domestic violence against any other individuals is improper character evidence and should not be admitted.

Since the Government seeks to admit uncharged acts of domestic violence against Ms. Palacios for a proper purpose and the evidence is relevant, the Court must next conduct a balancing analysis pursuant to Rule 403 and the third *Huddleston* factor. Rule 403 permits the court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403. As discussed above, evidence regarding the May 6 shooting is highly probative because, if the Government convinces the jury that Defendant committed the shooting, then it is much more likely that the jury will conclude he also possessed a firearm. Evidence of Defendant's acts of violence against Ms. Palacios is in turn highly probative in demonstrating motive or lack of accident in the shooting.

It is possible that introducing such evidence could prejudice Defendant because the jury could react emotionally to the evidence of domestic violence or assume that Defendant has a propensity for criminal activity. However, under factor four, a limiting instruction is available to help alleviate concern about undue prejudice to Defendant and ensure that the evidence is not considered as propensity evidence. The Court will thus conditionally admit evidence of Defendant's past and subsequent violence against Ms. Palacios under Rule 404(b), pending a showing immediately before trial that the evidence is sufficient. *See* Rule 104(b). The Court will entertain proposed limiting instructions and limit the presentation of evidence on the uncharged domestic violence incidents to the extent it becomes cumulative or would thwart a just determination by the jury. *See* Fed. R. Evid. 102, 403.

### C. Evidence of Defendant's prior and subsequent acts of violence against Ms. Palacios is conditionally admitted for impeachment purposes if she testifies.

Because the Court will conditionally admit evidence of Defendant's prior and subsequent domestic violence against Ms. Palacios under Rule 404(b), the likelihood diminishes that the

same evidence would be prejudicial to Defendant if the Government offers it again to impeach Ms. Palacios as a witness. (*See* Doc. 46 at 8.) Evidence that a witness may fear a party is relevant to show potential bias and may be introduced for impeachment purposes. *See United States v. Keys*, 899 F.2d 983, 987 (10th Cir. 1990) (adopting the Fifth Circuit's rationale regarding admissibility of evidence of fear-based bias where "evidence of the defendant-husband's physical abuse of his wife [was admitted] in an effort to establish her motivation to 'falsify or fabricate testimony due to her fear of further physical abuse at the hands of her husband'") (citing *United States v. Bratton,* 875 F.2d 439, 442–43 (5th Cir. 1989)).

Here, if Ms. Palacios testifies, the Government may introduce evidence of Defendant's prior and subsequent violence toward Ms. Palacios to show that she may be biased because she is fearful of Defendant. (*See* Doc. 46 at 8.) The Court will admit such evidence for impeachment subject to the conditions described above for its admission as Rule 404(b) evidence: (1) the Government must prove that the evidence is sufficient per Rule 104(b) on the morning of trial; and (2) the Court will entertain proposed limiting instructions and limit the presentation of evidence on the uncharged domestic violence incidents to the extent it becomes cumulative or would be overly prejudicial to Defendant.

## IV. Defendant's Motion in Limine to Exclude Evidence of Alleged Aggravated Assault and Related Case

Finally, Defendant moves to exclude evidence of an alleged aggravated assault against his neighbor, Mr. Lopez, on June 13, 2017. (*See* Doc. 36.) The incident is the subject of a state court action pending in the Third Judicial District Court in Doña Ana County, New Mexico. (*See* Doc. 36 at 1.) Mr. Lopez alleges that Defendant chased him with a knife after Mr. Lopez tried to intervene in a physical altercation where Defendant was strangling Ms. Palacios while she was pregnant with their child. (*See* Doc. 46 at 4–5.) In its response, the Government states that it does

not plan to introduce evidence of the assault on Mr. Lopez unless Defendant attempts to use the assault as evidence of bias to impeach Mr. Lopez. (*Id.* at 5.)

As discussed in relation to the uncharged incidents of domestic violence, evidence of Defendant assaulting Mr. Lopez is not relevant to the question of whether Defendant possessed a firearm. Such evidence of violence would serve only to show Defendant's criminal propensity. The Court will exclude this evidence under Rule 404(b), though evidence of related domestic violence against Ms. Palacios may be admitted as described in Section III.

Further, the Court will not allow the Government to offer evidence of the altercation with Mr. Lopez and pending case to rehabilitate Mr. Lopez as a witness unless Defendant opens the door by *directly referencing* the alleged assault or pending state court case in an attempt to impeach Mr. Lopez. The scope and manner of proper rehabilitation of witnesses impeached with evidence of bias will vary based on the facts of each case, but generally must respond to the scope and manner of the impeachment. *See* New Wigmore Impeachment & Rehab. § 9.9 ("rehabilitation must respond to impeachment" (citing *United States v. Bermudez*, 529 F.3d 158, 167–168 (2d Cir. 2008))). If Defendant simply asks—as the Government speculates in its hypothetical example—whether it's "true that [Mr. Lopez] ha[s] fought with Defendant in the past," the Government may not offer specific details about the alleged assault or pending case. (*See* Doc. 46 at 5.) As discussed above, evidence of alleged violence against individuals other than Ms. Palacios is prejudicial because it suggests Defendant has a propensity for violence. The Court will exclude evidence of the alleged assault and pending case for all purposes.

The Court is not persuaded by the Government's argument that because Mr. Lopez was allegedly assaulted by Defendant while trying to save Ms. Palacios and her baby, Mr. Lopez is somehow less biased toward Defendant than he would be if the two had fought for some other

reason. (*See id.*) Prior fights between Defendant and Mr. Lopez raise a real possibility of bias. Furthermore, revealing to the jury that there is a pending state case in which Defendant is charged with assaulting Mr. Lopez would, in all likelihood, illustrate far greater potential bias on Mr. Lopez's part than simply revealing that he had a prior "fight" with Defendant. In any case, only if Defendant opens the door by eliciting specific details about the knife assault and pending case in an effort to impeach Mr. Lopez may the Government then discuss the entire story, pending the sufficiency of the evidence of Defendant's violence against Ms. Palacios.

**THEREFORE**,

**IT IS ORDERED** that Defendant Roberto Trejo's Motion in Limine to Exclude Evidence of Prior Convictions (Doc. 34) is **GRANTED** as to his misdemeanor convictions and felony assault convictions and **DENIED** as to his felony trafficking conviction;

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Evidence of Domestic Violence (Doc. 35) is **DENIED** as to evidence of domestic violence against Ms. Palacios and **GRANTED** as to evidence of domestic violence against individuals other than Ms. Palacios; and Defendant's Motion in Limine to Exclude Evidence of Aggravated Assault and Related Case (Doc. 36) is **GRANTED**.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**