IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                                                                     No. CR 18-1243 RB

ROBERTO TREJO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Roberto Trejo's Motion for Reconsideration. (Doc. 144.) Having reviewed the parties' arguments, the record, and the applicable law, the Court will **DENY** the motion.

**I.  Background**

In May 2016, Trejo was on probation pursuant to a sentence by the Third Judicial District Court for the State of New Mexico for trafficking (by possession with intent to distribute cocaine) and resisting, evading, or obstructing an officer. (*See* Doc. 125 at 3–5, 7.) In July 2018, a Superseding Indictment was filed in this Court charging Trejo with two counts of being a felon in possession of a firearm (Counts 1 and 2) and one count of being a felon in possession of ammunition (Count 3) in violation of 18 U.S.C. §§ 922(g)(1) and 924(c). (Docs. 24; 125 at 1–3.)

The United States and Trejo entered into a Rule 11(c)(1)(C)-type Plea Agreement, in which Trejo agreed to plead guilty to one count of possessing a firearm. (*See* Doc. 123 at 2.) The parties agreed that the maximum sentence for Count 1 was 120 months and that a "specific sentence within

the range of" 96 to 120 months was "the appropriate sentence in this case."[1] (*Id*. at 2, 4.) In August 2019, the Court sentenced Trejo to 108 months incarceration. (Docs. 132 at 2; 139 at 1.)

On May 23, 2024, the Federal Public Defender filed an Opposed Motion for Sentence Reduction Under Guideline Amendment 821 on Trejo's behalf. (Doc. 140.) The United States opposed the motion, and the Federal Public Defender did not file a reply brief. (*See* Doc. 141.) The Court denied the motion on September 11, 2024. (Doc. 142.) Trejo now moves the Court to reconsider its decision. (Doc. 144.) The Government opposes the motion. (Doc. 149.) Trejo has also appealed the Court's denial of his motion. (*See* Doc. 146.)

## II. Legal Standards

### A. Motions to Reconsider

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations omitted). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted). "A motion to reconsider should not be used to revisit issues already

---

[1] Before sentencing, the United States Probation Office (USPO) prepared a Presentence Report stating Trejo's base offense level was 24 and, after a two-level upward adjustment for possessing three or more firearms, a four-level increase for using or possessing a firearm in connection with another felony offense, and a three-level downward adjustment for acceptance of responsibility, his total offense level was 27. (Doc. 125 ¶¶ 21–23, 29–31.) The USPO calculated eight criminal history points and, because Trejo was on supervised release at the time of his arrest, added two "status points" for a total of ten criminal history points. (*Id.* ¶¶ 37–39 (citing § 4A1.1(d) (pre-Amendment 821)).) Trejo's criminal history category was therefore V. (*Id.* ¶ 39) An offense level of 27 and criminal history category of V equated to a Guidelines range of 120 to 150 months. (*Id.* ¶ 58.) *See* USSG Chap. 5, Part A; § 5G1.1(c)(1).

2

addressed or advance arguments that could have been raised earlier." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).

### B. Motions for Sentence Reduction

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Sentence reductions fall "within the district court's discretion." *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012) (quoting *United States v. Dorrough,* 84 F.3d 1309, 1311 (10th Cir. 1996)). However, the Sentencing Guidelines require that "any such reduction in the defendant's term of imprisonment shall be consistent with" the USSG policy statements. § 1B1.10(a)(1). Those policy statements require courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range for the range applicable when the defendant was sentenced and to "leave all other guidelines application decisions unaffected." § 1B1.10(b)(1). "Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the [applicable] factors set forth in'" § 3553(a). *Dillon*, 560 U.S. at 822 (quoting § 3582(c)(2)). "Except in limited circumstances, however," a court may not reduce a sentence "to a term that is less than the minimum of the amended" Guidelines range. *Id.* (quoting § 1B1.10(b)(1)).

3

Under § 3553, courts must consider, as applicable, "the nature and circumstances of the offense and the history and characteristics of the defendant;" and whether the sentence imposed "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense," "afford[s] adequate deterrence to criminal conduct," and "protect[s] the public from further crimes of the defendant . . . ." § 3553(a)(1), (2)(A)–(C). In addition, courts consider the sentencing range under the Guidelines and the Sentencing Guidelines' policy statements. § 3553(a)(4), (5). Finally, courts consider the "kinds of sentences available, . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . . and the need to provide restitution to any victims of the offense." § 3553(a)(3), (6), (7). "[A]n ameliorative amendment to the Guidelines in no way creates a *right* to sentence reduction." *Osborn*, 679 F.3d at 1196.

### III.  Analysis

Trejo makes three arguments. First, he questions the facts outlined in the Presentence Report (PSR) and challenges enhancements to his base offense level. (*See* Doc. 144 at 2–3.) Second, he contends that the Federal Public Defender was ineffective because they did not file a reply brief regarding the motion for sentence reduction under Amendment 821. (*Id.* at 3–4.) Third, Trejo argues that he is no longer associated with gang activity and has worked to rehabilitate himself. (*See id.* at 4.) For the reasons that follow, the Court finds Trejo's motion unavailing.

#### A.  Trejo's motion is untimely.

The Government first argues that Trejo's motion is untimely because he filed it on October 28, 2024, more than 14 days after the Court entered its September 11, 2024 Opinion denying his motion for sentence reduction. (*See* Doc. 149 at 2.) The Government is correct that Trejo's motion to reconsider was due within 14 days of the Opinion. *See, e.g.*, *United States v. Randall*, 666 F.3d

1238, 1243 (10th Cir. 2011) (finding that "a motion to reconsider an order granting or denying a sentence modification under § 3582(c)(2) must be brought within the time granted to appeal that order"); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (providing that a notice of appeal is due 14 days after entry of the order being appealed).

Trejo states that his facility was placed on lockdown on September 22, 2024, and he did not receive notice of the Court's opinion until October 4, 2024. (*See* Doc. 144 at 1–2.) He dates his motion October 7, 2024, but the envelope is postmarked October 23, 2024, and was received by the Court on October 28, 2024. (*See id.* at 4–6.) The Government discusses the issue of timeliness in its response brief, but Trejo fails to file a reply brief to explain why his motion was not mailed for over two weeks after he signed it.[2] (*See* Doc. 149 at 2–3.) Even if the Court were to find that Trejo's time to file a motion to reconsider should be tolled to October 4, 2024, the date Trejo received notice of the Court's Opinion, his motion was not postmarked until October 23, 2024, more than 14 days after that date. Consequently, the Court agrees that Trejo's motion is untimely and will deny the motion on that basis. Regardless, out of an abundance of caution, the Court will examine the merits of the motion below.

**B. Trejo's complaints about the PSR are not properly before the Court.**

Trejo argues that he did not possess three firearms as asserted in the PSR and, therefore, there is no basis for the enhancements to his base offense level. (*See* Docs. 144 at 2–3; 125 ¶¶ 16 (noting that "Trejo admitted the gun used on May 6, 2016 . . . was a 9mm pistol" and "asked [a witness] to hold two guns described as a .40 caliber pistol and a .22 caliber pistol" and concluding that "it can be inferred Trejo was in possession of at least three firearms"), 22 (assessing a two-

---

[2] In its Order setting a briefing schedule, the Court gave Trejo three weeks from the response brief to file a reply. (Doc. 145.) The Government filed its response on November 12, 2024. (Doc. 149.) The time to file a reply brief has now passed.

5

level increase under U.S.S.G. § 2K2.1(b)(1)(A) because "the offense involved three or more firearms"), 23 (assessing a four-level increase under § 2K2.1(b)(6)(B) because "the defendant used or possessed any firearm or ammunition in connection with another felony offense").) The Government argues that "[t]his is not a cognizable claim for purposes of either a motion for a sentencing reduction pursuant to the recent guideline amendments nor a motion to reconsider the denial of such a motion." (Doc. 149 at 3.) The Government is correct.

Trejo brought his motion under Amendment 821, which modified, in relevant part, the way "status points" are assessed for certain offenses. (*See* Doc. 140.) Trejo did *not* raise issues related to his possession of firearms or the enhancements to his base offense level. (*See id.*; *see also* Doc. 144 at 2–3.) The Tenth Circuit has found that "[a] motion to reconsider should not be used to . . . advance arguments that could have been raised earlier." *Christy*, 739 F.3d at 539 (citing *Servants of Paraclete*, 204 F.3d at 1012). Moreover, Trejo fails to establish that the Court "misapprehended the facts, a party's position, or the law."[3] *See id.* (citing *Servants of Paraclete*, 204 F.3d at 1012). Accordingly, the Court denies the motion on this basis.

### C. Trejo's complaint about counsel is not properly before the Court, nor does the complaint have merit.

Trejo next argues that his counsel was ineffective for failing to file a reply brief. (Doc. 144 at 3–4.) The Government argues that a motion to reconsider is "not the proper procedural vehicle for asserting" that claim. (Doc. 149 at 5.) For the reasons discussed in the previous section, the Court agrees. Even if this issue were properly before the Court, however, it would fail on the merits.

To succeed on an ineffective assistance of counsel claim, the movant must show by a

---

[3] To the extent Trejo argues that the § 3553(a) factors warrant a reduction, the Court disagrees as outlined in the next section.

6

preponderance of the evidence that: (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "that the deficient performance prejudiced the defense." *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Trejo fails to cite authority to show that it was objectively unreasonable to fail to file a reply brief. (*See* Doc. 144.) More importantly, even if counsel had filed a reply brief, the Court's decision would have been the same.

The Court independently assessed the § 3553(a) factors and concluded that a sentence reduction is not appropriate. (*See* Doc. 142 at 8.) The Court noted that "Trejo's criminal history includes convictions for (1) aggravated battery on a household member (2008), (2) unlawful carrying of a handgun (2009), (3) driving under the influence of intoxicating liquor (5th offense) (2009), (4) trafficking by possession with intent to distribute cocaine (2011) and (5) resisting, evading or obstructing an officer (2011)." (*Id.* (citing Doc. 125 at 6–8).) "In three instances, Mr. Trejo's probation was revoked, and he was remanded to custody, suggesting he is not able to comply with their terms." (*Id.* (citations omitted).) Finally, the Court noted that in 2017, Trejo and two other inmates "assaulted another inmate with a broom." (*Id.* (citations omitted).) The Court opined that given the nature of Trejo's crime, criminal history, and characteristics, a sentence reduction "to 100 months would not reflect the seriousness of the offense, promote respect for the law, deter further criminal conduct, or protect the public." (*Id.* (citing § 3553(a)(1), (2)(A)–(C)).) The Court stands by that decision here and denies Trejo's motion to reconsider on the basis that he had ineffective assistance of counsel.

### D. Trejo's efforts at rehabilitation are commendable, but they do not warrant a sentence reduction.

Finally, Trejo argues "that he has disassociated himself from all gang activity . . . and . . . worked on rehabilitating himself to be a productive member of society." (Doc. 144 at 4.) The Court is encouraged by Trejo's statement and commends his efforts. For the reasons discussed above,

7

however, this is an insufficient reason to reconsider its prior opinion or to reduce his sentence.

**IT IS THEREFORE ORDERED** that Trejo's Motion for Reconsideration (Doc. 144) is **DENIED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE